Thank you, Your Honor. May it please the Court, I'm Arthur Allen. I represent the appellant Frazier Scott Piccolo, who is asking this Court to remand his sentence, his case for resentencing the District Court. Piccolo was sentenced as a career offender under Sentencing Guideline 4B1.1 based upon the District Court's determination that his instant offense, the offense for which he had pled, was a crime of violence. The Court essentially used a Taylor analysis in reaching that decision, the offense being escape under 18 U.S.C. 751. However, the undisputed facts of the case are that Mr. Piccolo was finishing up a term of imprisonment, was serving the last portion of that at a halfway house in Las Vegas, Nevada. He left the facility for a scheduled drug counseling appointment and failed to return. A number of months later, Mr. Piccolo self-surrendered to the authorities after having lived homeless on the streets for a while. The categorical approach under Taylor and looking first at the rule for Taylor, it's obvious. As the Court has said, when we look at past crimes, we don't want to retry them. We don't want to do a whole series of many trials about who shot whom in this past conviction. So we look first to the statute. There are enumerated offenses, burglary of dwellings, murder, obvious, the old common law of crimes of violence, that normally are going to be crimes of violence. That is the short purpose of Taylor. But in this instance, the government urges this Court, as they urge the district court, to disregard the facts of the instant offense to just say you escaped, that's a crime of violence, therefore, you become eligible if you have the other predicates to be sentenced as a career offender. That runs afoul, and this appears to be a case of first impression in this circuit or, in fact, frankly, in any circuit, of whether that runs afoul of 18 U.S.C. 3553A, which says that the Court shall, not should, maybe, must, maybe, but shall consider the conduct. That's the whole basis, and 3661 basically says the same thing, is that if we follow the government's position here, the district court would be asked to put on a blindfold to the circumstances of the instant offense. The government did not and cannot cite to any matter in the record to show that there was a potential of harm to anyone. The statute, the Federal Statute 751, in fact, would have been. Kagan. I have several questions. One of them is didn't the judge appear to take into account the circumstances, the circumstances being that this particular person had a long felony record of violent crimes, or I'm not sure whether they were violent crimes or crimes. He did, Your Honor, and he made comments to that effect in his sentencing. He said, I'm looking at the record, but it's a somewhat quantum leap from saying you have passed conduct to saying this particular offense. That would be, in effect, turning a bank robbery, a bank robber with a prior conviction who jaywalks into being able to say, well, jaywalking could be a crime of violence because he could go off on the officer who tried to write him a ticket. And therein is basically the fallacy in this powder keg theory that some of the other circuits have used in doing Taylor analysis of prior predicate convictions, the powder keg theory simply saying an escapee is somehow likely to resist recapture. Well, well. My second question is, you said something which I didn't understand about how this is a case of first impression in this circuit or any other. I thought there were many cases in other circuits. No, Your Honor. There are many other cases that have looked at escapes as underlying predicate offenses in determining whether a person qualifies to be sentenced as a career offender or possibly armed career offender, as the case may be. There are a number of those cases which under, if Taylor remains good law, and that's not the issue before the Court now, if Taylor remains good law, then that approach is undisputed. This circuit has never in any published opinion found a walkaway escape to be a crime of violence. But, say, you're suggesting that there's a distinction between, I mean, between considering it as a crime of violence as a prior and considering it as a crime of violence for present purposes, the difference being whether Taylor applies or not? That's correct, Your Honor. Taylor is a way that the courts look at prior convictions to see whether, in the context of immigration law, in the context of career offender, armed career, whether they come back before the court, that might be a different question. But the question here is, can a court just turn a blind eye to the circumstances of the present offense, to which I say clearly the answer is no. Everything, 3553, as I mentioned, Rule 32, all require the sentencing court to look at all of the factors. 3553 specifically mentions conduct. And the government's position would ask the court to simply disregard what really happened to say you walked away from a halfway house and you self-surrendered, there was no incidence of violence, but yet I'm going to call this a crime of violence. That's what I'm asking this Court to find is not a reasonable position. Counsel, if we were to look at this case under the modified categorical approach, is the statute such that it includes things like this, which we would not ordinarily  So perhaps under the modified approach. And then I add to that, in the sentencing guidelines, in considering sentencing, if someone has walked away from a non-secure facility, you go down four levels. So to me, how could this be a crime of violence? It's my point exactly, Your Honor. And, of course, Mr. Piccolo did not get the benefit of the four-level reduction because of the application of the career offender. And when the court asked about looking at the circumstances under a modified approach, if the court looks at 18 U.S.C. 751, the escape statute, the Federal punish someone who was serving a term of home arrest at following sentencing who left their house and went down to the 711, technically under this statute, that could be punished as escape, which leads to what I would suggest is a clearly erroneous application of all of the statutes relating to the duties of a sentencing court. If I may, I only have a minute or so. May I save that for rebuttal? Please do. Thank you very much, counsel. Good morning.  First, Your Honor, since these opinions came or these briefs came in light of the Supreme Court's decision in Booker and this Court's decisions interpreting that, we believe a remand is appropriate in light of Booker. We'd also ask that the remand be on an open record to determine whether the prior burglaries were crimes of violence, since those weren't raised at the lower level. We'd ask this Court, though, in its remand to determine that escape is categorically a crime of violence. Let me address the first argument. That's a suggestion that Taylor ought not to apply when we're talking about the actual offense as opposed to a prior. The guidelines themselves, I think, suggest that you should not look, as the defense counsel wants you to, or I'm sorry, as the appellant counsel wants you to, at the underlying facts of the case. For example, if you look at the application notes to the guidelines, application note one clearly uses a categorical approach to crimes. It states … Well, what do you do, counsel, with the other provision that says you go down four steps if they walked away from an unsecured facility? Well, clearly, the career offender statute doesn't give a defendant who has this violent history the benefit of that. Well, that may be, but it does, I think, give some sense of whether this is or is not a crime of violence. I don't know how you can answer that. It's – the question is whether under the career offender statute it creates a serious potential risk of physical injury to another. And clearly a walk-away escape, just like an escape achieved by stealth, might create – might not create actual violence as opposed to an actual prison break where you overthrow the guards. However, all the other circuits that have addressed this have found that, using the powder-cake theory, that it is a crime of violence. And I think it – while the powder-cake theory probably describes it better than I do, I think it boils down to the fact that once that person walks away, they become an escaped felon on the loose. And why isn't that true of anybody who commits a crime and isn't immediately apprehended? Because they have – It's a felony. I'm sorry. People that leave prison under – the escapee understands that if caught, they're going to go back to the place, to prison, and spend more time probably in a more uncomfortable place. And knowing that, they choose to go away anyways. And that creates a concern that they may do further things to avoid apprehension, both to the general public or to an officer trying to apprehend them. Equally as important, an officer who's tasked with the charge of going after that escapee understands that reasoning and then has to use a heightened sense of caution to apprehend that person. And that heightened sense of caution, the concern that we all feel when you hear an escaped felon is on the loose, regardless of how it was they got out, creates a serious potential risk. Do you really think that an officer is going to be more concerned about somebody who walked away from a halfway house than somebody who stole a million dollars? The officer may not. And has a very good reason not to want to go back to prison? Not to want to go to prison? If someone robbed a bank and stole a million dollars, I think it would be about the same. But the officer may not have the facts, the underlying facts of the case. What the officer will have is there's a warrant out for this person for escape. But assuming a nonviolent robbery, a theft, I'm assuming a theft rather than a robbery, that would not be a crime of violence, would it? It would not. From a person, no. Even if there was a very good reason to believe that this person didn't want to get caught? That's possible. But then who ñ There doesn't seem to be anything inherent in either situation. That's the problem. I think to the ñ It would be quite contextual as to whether anybody would really be afraid. Here you have somebody who I gather self-reported and doesn't appear that anybody was the least bit afraid of him or had any reason to be. There was no actual confrontation in this case. That's absolutely true. But it doesn't mean there was a serious potential risk of that. Counsel, under the modified categorical approach, we don't look at the facts, but we do look at the statute and see whether there are circumstances under which there would be a potential conviction without violence. And certainly in this case, I think you look at the statute and there are circumstances, like the fellow under home arrest who walks down to the 7-Eleven, and you certainly can't consider that to be a crime of violence. Well, first, Your Honor, I would tweak Your Honor's language a bit and not say that there has to be violence, but just a serious potential risk of physical injury, which is a far cry from violence, and that the cases from the other circuits state, using the categorical approach, it doesn't have to be that the court can think of a situation where this crime could be committed without the actual violence, but whether generally this crime. That's exactly what we do when we're doing a categorical analysis. We look at some burglary statutes and decide that it could be accomplished under the terms of those cases, like car break-in, that it's not going to be a crime of violence, but you could get a conviction under one of those. Well, a burglary of a dwelling can be accomplished in a safe manner where no one is harmed. So could a bank robbery. So can a walk-away. So can a walk-away. But a burglary of a dwelling is a crime of violence because generally it creates a serious risk of injury. And so I believe that same analysis is what the others use here. We've looked at many burglary statutes and found that there was a potential for conviction without it being a crime of violence. And we've said under those circumstances, it's not a crime of violence. But, again, I think the reasoning is not that looking at the specific facts of that case, it wasn't a crime of violence, but looking at the crime generally. I'm still somewhat intrigued with this question of how Taylor applies to the crime of conviction, particularly in light of 3553 and Booker. If we are now or if district courts are now supposed to be taking into account in a serious manner the circumstances of particular crimes, how can it be that one doesn't look at the circumstances of the crime, but just at the offense of conviction? And one answer may be that that's a second-level question. First you do the guidelines, and then you look at the circumstances independently, and that's why we're going to have an Ammaline remand. But there is something uncomfortable about reading the guidelines that way. I think the Court's own answer is exactly right. And first let me state the Fifth Circuit in the United States v. Ruiz, which is cited in the government's brief, dealt with the current conviction of being an escape from a Federal prison camp. Now, it didn't exactly say whether the prison camp, what exactly was involved in that sort of facility, but it suggested that it was something much less than an actual prison and more like a halfway house. And it suggests that we don't know whether it's supposedly a secure facility or not, do we? It did not state specifically, but the language of it suggests that it was not what you think of as a normal prison. In fact, they used community placement center as a word, and it wasn't clear whether or not they were referring directly to the Federal prison camp. But they found that the instant offense escape was a crime of violence. And going back to the heart of your question, Your Honor, I think it's clear that it is a two-step process, that in light of Booker, Booker makes it clear that the judge has to consider the underlying facts and circumstances under 3553 in determining what the ultimate sentence is, but must follow the guidelines as if they're their own statutes, and they're more specific statutes than the general 3553 in terms of what the advice of the guidelines is. And what the appellant wants you to do then is to infuse them together to muddle the guideline recommendation before the judge makes his own independent determination. And the judge could on remand determine that a four-level reduction might be appropriate or that the sentence outside the career offender might be appropriate, given the particular facts of this case. But that should be done after he determined what the guidelines recommend. Let me – I'm sorry. Well, I guess it's unclear to me what the guidelines recommend. And finally, looking at the application note, by the way, it states categorically felon in possession of firearm is not a crime of violence. And it states categorically, application note 1, that felon in possession of a sawed-off shotgun is a crime of violence. It doesn't make an exception or ask the court to look at the underlying facts of the case. And, in fact, were the court to rule the other way on this – That's because we know the person has a gun, and that's why they're making the statement. But they're not suggesting that categorically in general, that it makes sense to extrapolate in situations in which there is no direct reason to believe that there's violence or physical injury. The opposite premise, though, could come there. The government then could come back in a felon in possession of a firearm case and say, look, this actually – the facts here really were violent. This was a bank robbery or an armed robbery of a person. And the underlying facts here are violent, Your Honor, and they created a serious potential risk of injury. Therefore, this defendant is a career offender, and you should treat it as a crime of violence. The argument also would make it unusual because a current judge sentencing someone could say this is not a crime of violence. When the defendant receives his next conviction, the next judge, under the Taylor analysis, would be constrained to say, oh, no, now it is a crime of violence. That doesn't seem right either. Can you show me where in the application notes you're reading? Under Section 4B1.2, Application Note 1, it tells you categorically whether some crimes are either a crime of violence or a controlled substance offense. Application Note 2 also is somewhat relevant because it defines saying the court should look at the conduct of the offense, which, although not 100 percent clear, suggests that it is not the nature and circumstances of the facts. It doesn't quote the language of 3553. It quotes the language that suggests it's the charged conduct that the court should be doing in this analysis. If possession of a firearm is not a crime of violence, isn't it somewhat unlikely that walking away from a halfway house is a crime of violence? Well, every other circuit in the nation believes it is. I understand that. But I'm trying to understand the statute. We have an obligation to make our own determinations. Absolutely, Your Honor. So I'm asking, you know, if we have an indication of what the people who wrote the guidelines had in mind, i.e., possession of a firearm is not it, then from whence would you conclude that walking away from a halfway house is it? Comparatively, if you compare the – what a lay notion would be about which one is more likely to result in a physical injury. I think the escape creates more harm because of that element of pursuit that's not there in the felon in possession of a firearm, because of the element of apprehension and because that person has indicated very clearly, unlike any other crime, very likely to be in a prison. And if they're apprehended, then they're going to be in either a walk-away facility, and they're willing to leave the relatively – the freedom that they have in even a walk-away facility, knowing that if they're apprehended, it's clear that they're going to go back to a prison. Finally, if the court of the apprehension aspect of it that makes this a crime of violence, in your view? I think the pursuit is a big part of it. But also, potentially, the reasoning of the other circuits that have created this. Yes, Your Honor. But also, potentially, generally, the mindset of a person who chooses to walk away knowing that they're going to be back if caught, and what they might do if they are encountered by authorities trying to apprehend them. Thank you very much, counsel. Thank you, Your Honor. Thank you, Your Honor. Very briefly, not to belabor this, but not every other circuit, in fact, believes that walking away from an unsecured halfway house is a crime of violence. No other circuit believes that. There is the consensus that under the Taylor analysis of prior convictions and for the purposes behind Taylor, that it is accepted that they are predicate crimes of violence. The one case cited from the Fifth Circuit involved a prison, not a walk away from a halfway house. The reality is no other circuit has ruled that an instant offense of conviction involving a walk away from a halfway house is a crime of violence. And as the Court asked, and I believe properly so, how can a felon with a firearm categorically not be a crime of violence while the government urges that walking away from a halfway house is? Well, of course, possession of a firearm is something that is very specifically addressed by statute and guidelines and so forth. That's correct, Your Honor. Actually, as I recall, at the time there was a division in the circuit. Some circuits found that felons in possession of firearms under 18 U.S.C. 922G was a crime of violence. Other circuits did not find. The Sentencing Commission a few years ago added in their commentary or their application to note, to resolve a conflict in the circuit rather than having it go through the courts, that they did not consider possession of a firearm by a felon to be a crime of violence. That would not preclude a district court from perhaps making that finding. That's an issue not before this Court at this time. Thank you very much. Thank you, Your Honor. Thanks, counsel, for a useful argument.
judges: B. Fletcher, Gibson, Berzon